# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 7. Mediation Questionnaire

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form07instructions.pdf

**9th Cir. Case Number(s)** | 22-55137

**Case Name** | Suzhou Angela Online Game, et al v. Snail Games USA, Inc., et al

**Counsel submitting this form** | Rita M. Haeusler

**Represented party/parties** | Plaintiffs-counter-defendants-Appellants

*Briefly describe the dispute that gave rise to this lawsuit.*

Plaintiffs and Appellants are Suzhou Angela Online Game Technology Co., Ltd. ("Angela Game") and Imperium Interactive Entertainment Limited ("IE"). Angela Games is the developer and owner of a videogame entitled Myth of Empires ("Myth of Empires"). Myth of Empires is the end-result of a years-long development effort. Pursuant to a distribution agreement between IE and third-party Valve Corporation ("Valve"), Myth of Empires was offered for sale and made available to end users via a delivery system or service commonly known as Steam Platform. The Steam Platform has nearly one billion users, providing a unique and unparalleled platform for large scale game play of multi-user games such as Myth of Empires. Defendants and Appellees are Snail Games USA Inc. and Wildcard Properties LLC. On or about December 1, 2021, Defendants transmitted to Valve a letter demanding that Valve remove Myth of Empires from the Steam platform and alleging that Myth of Empires purportedly "was built by: (1) stealing the Ark Survival Evolved source code and (2) using the stolen source code as the game play foundation for Myth of Empires" (the "Valve Letter"). As a result of the Valve letter, Valve removed Myth of Empires from the Steam Platform, causing Plaintiffs immediate, severe and irreparable harm based on fabricated evidence, including but not limited to, fabricated nonexistent sequences of function and variable names.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 7      1      *Rev. 12/01/2018*

*Briefly describe the result below and the main issues on appeal.*

On December 17, 2021, Plaintiffs filed an ex parte application for a temporary restraining order and order to show cause why a preliminary injunction should not be issued. On December 23, 2021, the court denied the application and set hearing on the order to show cause for January 31, 2022. On February 3, 2022, the Court entered the order denying the order to show cause and refused to issue a preliminary injunction. The issues in appeal are as follows:

Whether the district court erred in holding that, to obtain preliminary injunctive relief from a "takedown" notice invoking 17 U.S.C. § 512(c)(3), the party seeking relief must show more than that the district court has jurisdiction to adjudicate the claim stated in the notice.

Whether the district court erred in holding that, to obtain preliminary injunctive relief from a "takedown" notice invoking 17 U.S.C. § 512(c)(3), the party seeking relief must satisfy the legal standard applicable to issuance of "mandatory" preliminary injunctions.

Whether the district court erred in failing to issue a preliminary injunction to preserve its jurisdiction to adjudicate the Defendants' claims for alleged copyright infringement.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

The case below is not stayed and will proceed in the ordinary course. There are no related proceedings.

**Signature** s/Rita M. Haeusler  **Date** February 7, 2022

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 7　　　　　　　　　　　　　　　2　　　　　　　　　　　　　　*Rev. 12/01/2018*