# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 7. Mediation Questionnaire

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form07instructions.pdf*

**9th Cir. Case Number(s)** | 22-55137

**Case Name** | Suzhou Angela Online Game Tech, et al v. Snail Games USA, Inc.

**Counsel submitting this form** | Robert M. Schwartz

**Represented party/parties** | Snail Games USA, Inc. and Wildcard Properties LLC

*Briefly describe the dispute that gave rise to this lawsuit.*

Snail Games USA, Inc. ("Snail USA") and Wildcard Properties LLC ("Wildcard") (collectively "Defendants") contend that Suzhou Angela Online Game Technology Co., Ltd. ("Angela") and Imperium Interactive Entertainment Limited ("Imperium") (collectively "Plaintiffs") have taken Defendants' proprietary source code from Defendants' video game, Ark: Survival Evolved ("Ark"), and used the source code to create Plaintiffs' own game, Myth of Empires ("MoE").

As a result, Defendants claim that Plaintiffs have misappropriated Defendants' trade secrets and infringed on Snail USA's copyright. In response, Defendants have sent out various Digital Millenium Copyright Act ("DMCA") notices about MoE, including to Valve Corporation ("Valve") and Third Party Defendant Tencent Cloud LLC ("Tencent"). Snail USA contends that Tencent has infringed on Snail USA's copyright through continuing to host MoE after receiving the DMCA notice.

Plaintiffs deny Defendants' claims. Plaintiffs sued for declaratory relief and for a violation of 17 U.S.C. 512(f). They have also unsuccessfully requested a temporary restraining order and preliminary injunction to require Defendants to withdraw their DMCA notices.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**             1             Rev. 12/01/2018

*Briefly describe the result below and the main issues on appeal.*

On December 23, 2021, the Honorable Judge Christina A. Snyder denied Plaintiffs' request for a temporary restraining order. Judge Snyder issued an order to show cause as to why a preliminary injunction should not be issued.

On February 3, 2022, Judge Snyder found that a preliminary injunction was not appropriate and discharged the order to show cause. Judge Snyder also ordered the parties to work toward arranging a source code comparison by an independent expert.

On appeal, Plaintiffs are challenging Judge Snyder's denial of Plaintiffs' motion for preliminary injunction.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

The parties must comply with Judge Snyder's orders on the independent source code review and otherwise prepare for trial, including by completing discovery.

**Signature** /s/ Robert M. Schwartz     **Date** 02/07/2022
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**     *2*     Rev. 12/01/2018